(December 7, 1906.)

## WILLIAMS v. BROOKS.

[83 Pac. 610.]

OPTION TO PURCHASE MINING PROPERTY—RENEWAL AND EXTENSION—CONSTRUCTION.

1. Where W. and B. enter into an agreement whereby B. secures an option to purchase a certain mining property, and it is provided that the first payment of five hundred dollars shall be paid ''on acceptance of this bond by said second party's eastern principals,

and to be paid by 1st of April, 1903,'' and the agreement also contains a clause providing for abandonment and forfeiture of the option by B., and after the option has been forfeited W., B. and C. indorse thereon an agreement in the following words: ''The time of the payment of the first $500 herein provided for is hereby extended thirty days and the said second party agrees that the same shall be paid on or before May 4, 1903. April 4, 1903,'' and after the date on which the payment falls due under the latter agreement, B. and C. abandon and forfeit the option and W. sues them to recover the $500 payment, held, that the latter agreement was an unconditional and absolute agreement to pay the sum specified therein as the first payment.

(Syllabus by the court.)

APPEAL from District Court of the Second Judicial District in and for Nez Perce County. Honorable Edgar C. Steele, Judge.

Action for debt. Judgment for plaintiff. Defendants appeal. Affirmed.

The facts are stated in the opinion.

Ben. F. Tweedy, for Appellant.

The following is the provision of the contract which makes it conditional, to wit: ''It is mutually agreed that this instrument shall be binding upon the heirs and assigns of both and all the parties hereto, and in the event of the abandonment or forfeiture in this agreement on the part of the party of the second part, said second party shall deliver up said property to said first party free from all encumbrances.'' ''Where the contract provides that upon the doing of some act or the happening of some event the contractual relations shall cease, this provision creates a condition subsequent.'' (7 Am. & Ency. of Law, 2d ed., p. 122.) And the conditions for the termination of liability are available to the party in whose favor they are provided. (*Delaware etc. Ry. Co. v. Bowns,* 58 N. Y. 573, 580.) ''In case the original contract is executory on both sides at the time of the waiver or rescission, the consideration for the new contract is found in the mutual promises, whereby each party abandons his rights against the

other." (Hammon on Contracts, p. 853, sec. 425; *King v. Gillett,* 7 Mees. & W. 55; *Taylor v. Hilary,* 1 Cromp. M. & R. 741; *Langdon v. Stokes,* Cro. Car. 383; *Alden v. Thurber,* 149 Mass. 271, 21 N. E. 312; *Taylor v. Seaboard & Roanoke R. R. Co.,* 99 N. C. 185, 6 Am. St. Rep. 509, 5 S. E. 750; *Kelly v. Bliss,* 54 Wis. 187, 11 N. W. 488.) If the respondent has evinced an intention to no longer be bound by a contract, the appellants may rescind. (*Hartnett v. Baker,* 4 Penne. (Del.) 431, 56 Atl. 672.) The provisions of the contract providing for "abandonment" may be properly denominated an option to rescind. (*Kenny v. Knight,* 119 Fed. 475.) Where a defendant is informed by the plaintiff that the contract is rescinded, and thereafter acts in a manner showing assent and inconsistency with the continued obligations of the contract, the plaintiff may sue to recover back money paid. (*Luce v. New Orange Industrial Assn.,* 68 N. J. L. 31, 52 Atl. 306.) The contract merely provides a forfeiture of the amount paid, the work and development done before the contract is ended by the "abandonment" of Mr. Brooks, if he at any time ends the obligations of the contract by "abandonment." A contract may, after a rescission thereof, be renewed either by an express agreement of the parties thereto or by acts which show an intention to give it new force and effect. (*Stromberg v. Western Tel. Const. Co.,* 86 Ill. App. 270.) Provisions in a contract for the termination thereof at the option of one of the parties are valid and binding. (*Magee v. Scott & Holston Lumber Co.,* 78 Minn. 11, 80 N. W. 781.) After a party has elected to treat a notice of rescission as a repudiation of the contract, the contract is at an end for all purposes of performance, and exists solely for the purpose of bringing an action, and is an element in estimating the damage. (*James H. Rice Co. v. Penn. Plate Glass Co.,* 88 Ill. App. 407.)

I. N. Smith, for Respondent.

The case at bar is quite simple. It is brought on the plain written promise of the appellant to pay respondent $500 on or before May 4, 1903. This promise is unconditional on its

face, and is admitted in the pleadings of the parties to have been an unconditional promise to pay the sum stated at the time specified.

AILSHIE, J.—This action was commenced to recover the sum of $500 claimed by the plaintiff under the provisions of two written agreements which had been previously executed by plaintiff and defendants. The first agreement was executed on the tenth day of March, 1903. The portions of that agreement involved in this action are as follows: "That said party of the first part, for and in consideration of the covenants and agreements hereinafter contained, agrees to convey by good and sufficient title (and furnish abstract thereof) to said second party, upon payment by said second party to said first party as consideration for the above mining property, the sum of seventy-five thousand ($75,000), five hundred dollars ($500) on the acceptance of this bond by said second party's eastern principals, and to be paid by 1st of April, 1903; five hundred dollars ($500) on examination of said property by said second party, at such time and as early as said first party is able to show said property; nine thousand dollars ($9,000) on or before July 1, 1904; and the balance, fifty thousand dollars ($50,000), on or before January 1, 1905. . . . . It is mutually agreed that this instrument shall be binding upon the heirs and assigns of both and all the parties hereto, and in the event of the abandonment or forfeiture in this agreement on the part of the party of the second part, said second party shall deliver up said property to said first party free of all encumbrances, and the payments which may be herein made, or work and development done upon said property shall be forfeited by said second party and accepted by said first party in full discharge and liquidation of this agreement." The agreement of March 10th appears to have lapsed and no payment was made under it. On April 4, 1903, the plaintiff and defendants entered into a renewal and extension agreement which caused all the trouble in this case, and is as follows: "The time of the payment of the first $500 herein provided for is hereby extended thirty

days, and the said second party agrees that the same shall be paid on or before May 4, 1903. April 14, 1903. L. F. Williams, W. C. Brooks, by Culver, F. D. Culver.'' No payments were made under this additional or extension agreement and the option was forfeited and abandoned. On September 22, 1903, the plaintiff commenced his action on the contract for the recovery of the first payment of $500, which he alleged was an absolute and unconditional promise to pay the sum of $500. Plaintiff claims that in consideration of the continuation of the contract and extension of time for making the first payment, that the defendants agreed absolutely to make the first payment irrespective of all other conditions and contingencies. The case went to trial with a jury and a verdict was rendered in favor of plaintiff, and judgment was thereupon entered. The plaintiff contends that the defendants have availed themselves of the full period of time allowed by the option and extension agreement up to and including May 4th. The defendants, on the other hand, claim that prior to May 4th they had a parol understanding and agreement with the plaintiff, whereby they forfeited and abandoned the option, and that all parties thereto were released from further obligation or liability thereunder. On this phase of the case there was a direct conflict in the evidence, and the court instructed the jury on this question as follows: ''I instruct you that, if you find from the evidence, that after the said latter agreement had been so entered into, and prior to May 4, 1903, that said L. F. Williams and the said defendants, Brooks and Culver, entered into an oral agreement that the said original contract should be rescinded, and that it was agreed that said Williams should have said mining property, and that the plaintiff, Williams, agreed to do so, then the said rescinding of the first original agreement prior to said May 4, 1903, would release and relieve the said defendants from making the said first payment of $500, and would be a complete defense to this action. The agreement, if you find from the evidence there was any agreement to so release and relieve both plaintiff and defendants from all their obligations under the first agreement made

prior to the expiration of the time as extended for making the first payment thereon, to wit, May 4, 1903, would relieve all parties from any liability under the extension agreement dated May 4, 1903, but I also instruct you that such an agreement by said parties to so release the said parties from said original contract, so made and entered into at any time after the said fourth day of May, 1903, would be no defense to said obligation by defendants to pay said $500 on or before May 4, 1903." It will therefore be seen that this branch of the case was fairly presented to the jury, and their finding under conflicting evidence is conclusive on that point.

The next question, namely, the correct construction to be placed on the provisions of these contracts, is a much more difficult and distracting proposition. Counsel for respondent maintains that under the renewal and extension agreement the payment became due May 4th, independent of the condition which was attached to the provision of payment of this sum in the original contract. In the agreement of March 10th it will be observed the payment of this first $500 was conditioned "on acceptance of this bond by said second party's eastern principals." Appellants admit that by the extension agreement this first payment was not dependent on acceptance of a bond by "eastern principal," but do contend that they still had the right to "rescind or abandon" the option under the provisions contained in the last paragraph of the contract of March 10th, and that after such abandonment or rescission they could not be held liable for any payments which had not been previously made. This construction would, it seems, be a correct view to take of the original contract, but the difficulty and confusion arises when we come to consider the language and effect of the extension agreement of April 4th. If this latter agreement was to have any force or effect as a contract it must have been founded on some consideration. Evidently the parties considered it legal and binding. At the time it was made the original contract of March 10th was forfeited and had lapsed. It seems like a reasonable and logical deduction to say that the original contract was revived and renewed, and the time of first payment extended in consideration of the liability

for the first payment becoming an unconditional and absolute promise to pay instead of a conditional liability as it was made in the first contract. Such consideration would be sufficient to support the contract of April 4th, but in the absence of that consideration it would be difficult to discover any consideration for the latter contract. It is true that when we turn to the paragraph of the original contract providing for an abandonment and forfeiture of the option and all liability thereunder, the appellant's contention finds some support. It seems to us, however, that since the issue was fairly submitted to the jury as to whether or not the appellants abandoned and forfeited the option prior to the date on which this payment became due, and that issue was found against appellants, their contention must therefore necessarily fail on that branch of the case. This case is not free from doubt, but it seems to us that the sounder reason is with the respondent. Both the trial court and jury having found for respondent, we are not inclined to disturb the verdict and judgment.

Judgment affirmed with costs to respondent.

Sullivan, J., concurs.